UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| CHARLES COLUMBUS MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:11-cv-308 |
| v. ) | |
| ) | *Collier / Lee* |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

### REPORT AND RECOMMENDATION

Before the Court is Plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d) [Doc. 15].[1] Plaintiff has submitted a memorandum in support of the motion as well as an itemized record of the time spent by his counsel on this case [Docs. 15-1, 15-2 & 16]. Defendant has not filed any timely response objecting to Plaintiff's motion. The Court deems Defendant's failure to timely respond to the motion as a waiver of any opposition to the requested relief pursuant to E.D. Tenn. L.R. 7.2.

**I.   ENTITLEMENT TO FEES**

In order to recover attorney's fees under the EAJA, four conditions must be met: (1) the plaintiff must be a prevailing party; (2) the application for attorney's fees, including an itemized justification for the amount requested, must be filed within 30 days of the final judgment in the action; (3) no special circumstances warranting denial of fees may exist; and (4) the government's position must be without substantial justification. 28 U.S.C. §2412(d); *see also Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 855 (6th Cir. 1997). There is no dispute that Plaintiff is a prevailing

---

[1] This matter has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b). *See In re: Referral of Social Security Cases*, SO-09-01 (Feb. 2009).

party. *See Shalala v. Shaefer*, 509 U.S. 292, 302 (1993) ("A sentence-four remand, of course, is a judgment *for* the plaintiff."). Second, Plaintiff's motion is timely. *See* Fed. R. App. P. 4(a)(1)(B), (a)(7); *Schaefer*, 509 U.S. at 298 (*quoting Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991)). Third, Defendant bears the burden of proof to show his position was substantially justified, *Peck v. Comm'r of Soc. Sec.*, 165 F. App'x 443, 446 (6th Cir. 2006), and Defendant has not attempted any such showing. And fourth, in the absence of any opposition from Defendant, the Court finds no special circumstances warranting denial of fees. I therefore **CONCLUDE** Plaintiff is entitled to an award of reasonable attorney's fee. *See* 28 U.S.C. § 2412(d)(2)(A) ("'fees and other expenses' includes . . . reasonable attorney fees").

## II. AMOUNT OF FEES

An attorney fee award under the EAJA cannot exceed $125 per hour unless justified by increases in the cost of living. 28 U.S.C. § 2412(d)(2)(A). Plaintiff seeks fees at an hourly rate of $139.25 for attorney's time, a request he avers is proper because of his counsel's experience with social security law and his attorney's ability to obtain this rate in many other cases [Doc. 15-4]. This Court uses the cost-of-living formula approved in *Cook v. Barnhart*, 246 F. Supp. 2d 908, 910 (E.D. Tenn. 2003) to calculate the appropriate hourly rate. Because the rate obtained by using the *Cook* formula would exceed the rate requested by Plaintiff's attorney, the request for an hourly rate of $139.25 is reasonable and I **RECOMMEND** Plaintiff be awarded attorney's fees in the amount of $139.25 per hour for 13.50 hours of attorney time, which equals $1,879.88. Plaintiff also seeks reimbursement for the Court's $350 filing fee and $28 in postage fees, and I **RECOMMEND** he be allowed those costs. *See* 28 U.S.C. § 2412(a)(1), (d)(1)(A). This results in a total fee award of **$2,257.88**.

### III. CONCLUSION

Accordingly, I **RECOMMEND**[2] Plaintiff's motion for attorney's fees under the EAJA [Doc. 15] be **GRANTED** and that Plaintiff be awarded fees in the amount of **$2,257.88**.

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).